UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| _____ | ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CHANGE VENUE |
| This document relates to: Phyllis McComas v. Leiner Health Products, Inc. et al., No. 3-cv-3881 | |

Defendant Leiner Health Products, Inc. ("Leiner") moves this court for an order pursuant to Fed. R. Civ. P. 12(c)[1] to dismiss this action for lack of personal jurisdiction. Defendant Walmart Stores, Inc. ("Walmart") concedes that it is subject to personal jurisdiction in the State of New York.[2] In the alternative, defendants move for an order changing the venue of this matter pursuant to 28 U.S.C. 1404(a). Having reviewed the motion, the response filed, and the reply thereto, the court hereby finds and

---

[1] In the alternative, Leiner moves for summary judgement pursuant to Rule 56(c) of the Federal Rules.

[2] Walmart requests that the court exercise its discretion and decline to entertain jurisdiction over the company in this matter.

ORDER
Page - 1 -

rules as follows:

## I. BACKGROUND

Plaintiff Phyllis McComas suffered a debilitating stroke on October 4, 2000, allegedly after ingesting Equate, a phenylpropanolamine ("PPA") containing product manufactured by Leiner. Ms. McComas, a resident of Ohio, alleges that she purchased the Equate product from a Walmart store in West Virginia. On October 19, 2002, Ms. McComas filed suit against Leiner and Walmart in the United States District Court, Southern District of New York. The case was transferred to the Multi-District Litigation 1407 on January 9, 2004.

Leiner is incorporated in Delaware with its principal place of business in California. Walmart is incorporated in Arkansas. Its principal place of business is also in Arkansas. Both Leiner and Walmart applied for and received certificates of authority to do business in New York.[3] Walmart owns and operates over 60 stores in the State of New York. Leiner manufactures more than 400 vitamin and supplement products in addition to various other products that are sold at more than 50,000 supermarkets in the United States, many of which are located in New York State.

## II. ANALYSIS

A motion for a judgment on the pleadings pursuant to Rule 12(c) may be made "after the pleadings are closed...if no

---

[3] Leiner filed the certificate on July 2, 1993 and Walmart filed the certificate on June 6, 1990.

ORDER
Page - 2 -

material facts remain at issue and the parties' dispute can be resolved on both the pleadings and those facts of which the court can take judicial notice." Fed.R.Civ.P. 12(c). The standard to be applied to a Rule 12(c) motion is the same as a motion to dismiss under Rule 12(b)(6). Sheppard v. Beerman, 18 F.3d 147, 150 (2d. Cir.), cert. denied, 513 U.S. 816 (1994). The motion will be granted only where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitled [her] to relief." Citibank v. K-H Corporation, 968 F.2d 1489, 1494 (2d Cir. 1992). When a motion to dismiss for lack of jurisdiction is filed prior to discovery, the plaintiff may defeat the motion by pleading in good faith legally sufficient allegations of jurisdiction. Ball v. Metallurge Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990), cert. denied, 111 S.Ct. 150 (1990)(stating that plaintiff need only make a prima facie showing of jurisdiction); Marine Midland Bank v. Miller, 664 F.2d 899,904 (2d Cir. 1981).

   A. Personal Jurisdiction pursuant to CPLR §301

   In a diversity case like this, the court must look to the law of the forum state, in this case New York, to determine whether jurisdiction exists. Amalgamet v. Ledoux & Co., 645 F. Supp. 248, 250 (S.D.N.Y. 1986), citing Arrowhead v. U. Press Int'l, 320 F.2d 219, 223 (2d Cir. 1963). Jurisdiction over non-resident corporations is determined by New York Civil Practice Law & Rules ("CPLR") §§ 301 and 302. Amalgamet, 645 F.2d at 249. Plaintiff asserts that the court has jurisdiction over Leiner

ORDER
Page - 3 -

pursuant to § 301. Under CPLR § 301, a foreign corporation is amenable to suit in New York if it is engaged in a "continuous and systematic course" of doing business. Id. at 249. Courts interpreting New York law have consistently held that a foreign corporation which registers to do business in the State of New York and establishes the Secretary of State as its agent upon whom process may be made, has consented to personal jurisdiction in New York. Augsbury Corporation v. Petrokey Corporation, 97 A.D.2d 173, 176, 470 N.Y.S.2d 787, 789 (3d Dept. 1983) (holding that "the privilege of doing business in New York is accompanied by an automatic basis for personal jurisdiction"); Amalgamet, 645 F. Supp. at 249 (stating that the general rule is that a foreign corporation which files a certificate of authority to do business in New York has consented to personal jurisdiction in the state); Robfogel Mill-Andrews Corp., v. Cupples Mfrs. Co., 323 N.Y.S.2d 381 (N.Y.Sup.Ct. 1971). It is also established that receiving authorization to do business in New York and designating the Secretary of State as an agent for service of process is sufficient to confer jurisdiction regardless of whether any business is actually conducted in the State. Id. at 383; Aaron v. Agwilines, Inc., 75 F. Supp. 604, 606 (S.D.N.Y. 1948).

    Plaintiff alleges that Leiner applied for and received a certificate of authority to do business in the State of New York (and thereby designated the Secretary of State as its agent for

ORDER
Page - 4 -

service of process[4]) on July 2, 1993. Plaintiff further asserts that Leiner designated the County of New York as the location for its office of the corporation within New York and selected a Registered Agent to accept service of process which maintains an office within the Southern District of New York. Leiner does not dispute these allegations. Therefore, the court finds that plaintiff has pled legally sufficient allegations of jurisdiction to defeat Leiner's motion to dismiss.[5]

C. Venue

Pursuant to 28 U.S.C § 1391(a)(1), venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State" for diversity cases. Residence in a state is determined by 28 U.S.C. § 1391(c) whereby a defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

As discussed *infra*, both Leiner and Walmart are subject to

---

[4] By filing an application for authority to do business in New York, Leiner also designated the Secretary of State as its agent for service of process. NY CLS Bus. Corp. § 304 (2005).

[5] Leiner's reliance on Bellepointe, Inc. v. Kohl's Department Stores, 975 F. Supp. 562 (S.D.N.Y. 1997) is unfounded. In Bellepointe the court stated that a "respectable argument may be made that the mere existence of a certification of authority to do business in New York is insufficient as a predicate of jurisdiction *in those cases where the defendant is not in fact doing business in the state* and the cause of action in no way relates to the defendant's New York activities." Bellepointe, 975 F. Supp. at 564 quoting CPLR § 301, 1990 Practice Commentary C301:4 (emphasis added). In the present case however, Leiner is conducting business in New York. Leiner manufactures more than 400 vitamin and supplement products in addition to various other products which are sold at more than 50,000 supermarkets, many of which are located within the State of New York.

ORDER
Page - 5 -

personal jurisdiction in the State of New York. Therefore, venue is proper within a judicial district in the State. In defendants' applications for authority to do business in New York, they each directed the Secretary of State to forward copies of process to a Registered Agent located within New York City. In the same applications, both companies also selected New York County as the county in which they will maintain an office of incorporation. Having designated the Southern District of New York as the location for their corporate office, its is disingenuous for defendants to now object to a lawsuit within that District.

### III. CONCLUSION

Based on the foregoing, the court DENIES defendants' motion to dismiss pursuant to Federal Rule 12(c) or, in the alternative, change venue pursuant to 28 U.S.C. § 1404(a).

DATED at Seattle, Washington this 10th day of June, 2005.

*/s/ Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT
JUDGE